NEW YORK,
May, 1812.

WARD
v.
AMES.

If, during a voyage, a seaman is compelled to leave the ship, on account of ill usage and cruel treatment by the master, or through his agency, and for fear of his personal safety, it is not a case of *voluntary* desertion, and he is entitled to recover his full wages for the whole voyage.

WARD *against* AMES.

IN error, on *certiorari*, from the justices' court of the city of New-York.

*Ames* brought an action of *assumpsit* in the court below, against *Ward*, as master of the ship *Margaret*, to recover his wages as a seaman on board of the said ship, on a voyage from *New-York* to *Cadiz*, and back to *New-York*. The defendant pleaded *non assumpsit*, and that the plaintiff had forfeited his wages by desertion. The plaintiff had signed the articles, in the usual form, for the voyage, and performed his duty as a seaman on board the ship, until the 22d *February*, 1810, when the ship was lying in the harbour of *Cadiz*. The plaintiff was ordered by the mate to strap a block, and while doing it, was asked by the mate, why he did not tar the rope, and was answered that he had done so; the mate then struck the plaintiff violently and repeatedly. He knocked him down several times, and beat him in a cruel and unjustifiable manner. The plaintiff, after he had been so treated, struck the mate with a marling spike, and cut his head. The defendant was on the quarter-deck during the time, but did not interfere until after the plaintiff struck the mate, when he came up and struck the plaintiff. The mate went on board a *British* ship of war lying in the harbour, and had the wound in his head dressed; and shortly after, a midshipman with a boat's crew came from the *British* ship on board the *Margaret*, and demanded the plaintiff. The midshipman was invited into the cabin by the defendant, who permitted the *British* seamen to search for the plaintiff, who kept concealed and was not found. The visit and search for the plaintiff, by the *British* officer and men, was twice repeated, without any opposition on the part of the defendant; and the plaintiff concealed himself each time, so as to avoid discovery. On the night of the 22d *February*, the plaintiff left the *Margaret*, and got on board of another *American* vessel, and worked his passage home, without wages, and arrived in *New-York* the *May* following.

The court below gave judgment for the plaintiff, for the whole amount of his wages, being 80 dollars.

*Per Curiam.* The question arising on this case is, whether the plaintiff below was not compelled to leave the ship, and actually

1

forced out of the service by cruel treatment, and the danger of impressment, through the agency of the master. The court below must have drawn that conclusion. The seaman was, in the first place, and without any justifiable cause, cruelly beaten and abused by the mate, in the presence, and by the tacit consent, of the master. He was provoked to strike in his defence, and the mate was wounded in the head. With the knowledge, and, it is to be presumed, by arrangement with the captain, the mate went on board of a *British* man of war, lying in the harbour of *Cadiz ;* a boat belonging to that ship, with a midshipman and crew, soon after came on board the *Margaret,* and demanded the plaintiff, *Ames.* They made repeated searches for him, and with the apparent approbation of the captain; and on the same night the plaintiff left the ship. This is a strong case of an escape coerced by ill usage and danger of personal safety. No explanation of the transaction was given by the master, upon the trial of the cause, and the court below were warranted in their deduction, that this conduct was equivalent to an unjust and forcible removal of the seaman from the ship, and that he did not, therefore, forfeit his wages. It is an acknowledged principle in the marine law, that if the master unjustly dismiss a seaman, during a voyage, he is entitled to his full wages for the voyage. (*Abbott,* p. 4. c. 2. s. 1. *Pothier, Louage des Matelots,* n. 206. *Laws of the Hanse Towns,* art. 42.) And it has been considered and held, that if a seaman is obliged to fly from a service, by extreme ill usage and danger of his personal safety, arising from the master, who is bound to protect him, it is not the case of a *voluntary* desertion, but comes within the reach of the above principle. (*Rice* v. *The Polly and Kitty,* 2 *Pet. Adm. Decis.* 420. a note to vol. 1. p. 176.) If the facts did not absolutely require, they were at least sufficient to uphold, this deduction, and the competent tribunal having drawn it, there is no just ground for our interference. The judgment below must be affirmed.

Judgment affirmed.