SULLIVAN AND OTHERS *against* MORGAN.

Where a voyage is broken up, not from necessity, or in consequence of the perils of the sea, but from the act of the master, the seamen are entitled to payment of their wages to the time, and also for a reasonable time to be allowed for their return home. Whether seamen can maintain an action against the owners of the vessel for the *two months'* wages, allowed by the act of congress of the 28th of *February*, 1803, (cong. 7. sess. 1. c. 52 s. 3.) where the vessel is sold and the seamen discharged in a foreign country, *quære ?*

IN ERROR, on *certiorari*, from the justices' court of the city of *New-York*. *Morgan* brought an action in the court below against *Sullivan* and four others, as owners of the schooner *Garonne*, for his wages as a seaman and carpenter on board of that vessel, on a voyage from *New-York* to *Charleston*, and thence to *France*, and back to *New-York*. The plaintiff shipped on board the *Garonne*, the 8th of *January*, 1813, for 35 dollars per month. The schooner proceeded to *Charleston*, where she took on board a cargo of cotton, and sailed for *France*. During the voyage she met with a gale of wind, in which she lost her foremast, (owing, it was testified, to the shrouds being too much strained on one side,) her mainmast being also injured, and on consultation of the master and crew, it was thought best to put into *Fayal* to refit; and they arrived at that place the 19th of *March*. On the 2d of *April* the plaintiff and the rest of the crew were sent on shore by the captain, who told them that the vessel was sold. While on shore they were allowed 20 cents a day by the *American* consul, for their support, who sent them home, and they arrived at *Boston* in *July* following, having received no wages for their voyage home, and having paid nothing for their passage. It appeared that the cargo was discharged at *Fayal*, on the 27th of *March*, and received by the supercargo, who remained at that place. The schooner was soon after refitted for another voyage. After the sale she appeared under *Portuguese* colours, and was said to be destined for *Rio Janeiro*. On the evidence given in the case, the court below were of opinion that the sale of the vessel at *Fayal* was not the result of necessity, or of the perils of the sea, but of the fear of *British* cruisers, on account of the war between *Great Britain* and the *United States*, and that had it not been for such fears, the vessel might, after being refitted, have prosecuted her voyage to its termination; and they, therefore, adjudged to the plaintiff his wages

from the time of his shipping on board the *Garonne*, to the time of his discharge at *Fayal*, on the 2d of *April ;* and also two months' pay in addition, which they considered him entitled to, under the act of congress, providing for the further protection of *American* seamen, passed the 28th of *February*, 1813 ; and judgment was accordingly rendered for the plaintiff below, after deducting all payments and advances, for 69 dollars and 49 cents damages, and 5 dollars and 62 cents costs.

ALBANY,<br>
Jan. 1814.<br>
SULLIVAN<br>
v.<br>
MORGAN.

The case was submitted to the court without argument.

*Per Curiam.* The court below inferred, from the testimony, that the voyage was not broken up at *Fayal* from *necessity*, or by reason of the perils of the sea ; and that the seamen were, consequently, entitled to wages for the services they had rendered, though the vessel had not earned freight on the voyage to which the contract applied. We think there was colour for the inference sufficient to warrant the opinion of the court below, and the seamen were, therefore, entitled to their wages to the time of their discharge. It is a settled rule of maritime law, founded in manifest justice, that if the contract of hire be not fulfilled, in consequence of the act of the master or owners, and not in consequence of the perils of the sea, capture by enemies, &c. the seamen are to be paid, at least for the time they are employed, and also for a reasonable time to be allowed for their return to the place of departure. (3 *Johns. Rep.* 520.) The court below, instead of allowing for a reasonable time for the plaintiff's return, allowed two months' wages, under the 3d section of the act of congress of the 28th of *February*, 1803. (*Laws of the U. S.* vol. 6. p. 208.) Whether the seamen can maintain a suit under that act against the owners, for the two months' wages, as being a debt due from the owners' agent, in his character of agent, to the *American* consul, as trustee for the seamen, whenever the vessel is sold, or the seamen are discharged in a foreign country, is a question quite immaterial in the present case ; for as the plaintiff, with the other seamen, appear to have been detained at *Fayal* for two months before a passage was procured for them to the *United States*, he was entitled to the sum allowed, if not under the act of congress, yet as reasonable compensation for his loss of service while detained at *Fayal.* The judgment below ought, therefore, to be affirmed.

Judgment affirmed.