Parker, C. J.,
delivered the opinion of the Court.† Upon the facts agreed in this case, the questions are, whether the [ *578 ] plaintiff is entitled to recover any thing on account of * the prize-money resulting from the cruise, in which the intestate served on board the America : and, if any thing, what proportion he is entitled to.
It is contended for the defendants, that he forfeited the whole, either by the laws of the United States, or by his agreement, which he signed when he entered on board the privateer. By one of those articles, it was provided, that, for such offence as appears to have been committed by the intestate, he might be punished at the discretion of the captain and officers, even to the forfeiture of all his prize-money. Whether, however, this agreement was valid or not, it cannot operate against the present claim ; because it does not appear that the captain and officers ever passed upon the offence, or determined upon any punishment. It cannot be considered as amounting to an agreement to forfeit all his interest in the captures for one act of mutiny ; for the expression, “ even to the forfeiture,” &c., proves that both parties contemplated that a total or partial forfeiture might be awarded according to the aggravation of the offence.
The question, then, is, what is the effect of the sentence of the court-martial upon the rights of the deceased in the captured property.
That sentence was limited to corporal punishment. To extend it beyond the express terms of the adjudication would be a violation of the common principles of criminal law. A seaman may forfeit his wages, or his share in the profits of a cruise, if the captain is content to consider such forfeiture as a sufficient punishment for a mutiny. *500 But, if he determines that the case requires the animadversion of a court-martial, the sentence of that court establishes the only punishment to which the delinquent is liable. The corporal punishment awarded in this case must be considered as the whole penalty which the court, having cognizance of the offence, thought fit to impose ; and the rights and interests of the party were left unimpaired by the offence, which had been so punished.†
The plaintiff, then, has a right to recover something out [*579] of the hands of the defendants, on account of the share * which the intestate had in the cruise. It was contended by his counsel, that this right extends to all the prizes made during the cruise, as well before as after the intestate had ceased to perform his duty in consequence of the mutiny ; because, it is said, the contract is entire, and cannot be apportioned. In this action, however, we do not see but that the plaintiff may recover as much as is equitably due to him, and may be stopped short there.
There is no doubt that the wages of seamen may be apportioned. If they die during a voyage, their representatives are to receive what is due at the time of their death.‡ If they leave the ship without any fault of their own, they may recover the whole or any part of the wages accruing during the voyage, according to the circumstances.§
The same doctrine is applicable to contracts of seamen on board private armed vessels. There is no just cause why a privateersman, who has contributed to the taking of prizes, should not.be entitled to his share of those captured, although he may be disabled, before the expiration of the cruise, from aiding in those captures. In some cases he would share in all captures made during the cruise, even after his disability, as in case of sickness or death. But, when the disability is occasioned by his own misconduct, he ought not to share in the captures which he did not assist in making.
As the judgment of the court-martial furnishes conclusive evidence of the criminality of the intestate on board the ship, so that his imprisonment there is justified, we may consider him as having voluntarily withdrawn from duty ; and so the contract was mutually rescinded from the 20lh of October. To that time, as an interest had actually accrued which was not forfeited, we consider him as entitled to recover, and no further. Let the defendants be called, and judgment be entered for the plaintiff upon these principles.

Defendants defaulted.

 Putnam, J., having been of counsel, did not sit in the hearing or deci lion of this cause.

 Bray vs. The Atalanta, Bee, Adm. R. 48.

 Carey vs. the Kitty, Bee, Adm. R. 255. — Nasterstrom vs. the Hazard, Bee, Adm. R 441.—Jones vs Smith, 4 Hall & J. 276.—Abbot, Ship. 445, 142. — Sed vide Walton vs. the Neptune, 1 Peters' R. 142. — Scott vs. Greenwich, 1 Pet R. 155. —Jackson vs. Sims, 1 Pet. R. 157. — 1 Wash. Cir. C. 414.

 Simland vs. Stevens, 3 Esp. 169. — Hoyt vs. Wildfire, 3 Johns. 518.— Ward vs Ames, 9 Johns. 138.— Sullivan vs Morgan, 11 Johns. 66 — Brooks vs. Dorr, 2 Mass Rep. 39. — Johnson vs. Dalton, 1 Cow. R. 543.