## Case No. 286.

### The AMERICA.

### [1 Blatchf. & H. 185.][1]

District Court, S. D. New York.　Nov., 1830.

SEAMEN—UNLAWFUL DISCHARGE—WAGES FOR ENTIRE VOYAGE.

Where a seaman is unlawfully discharged during a voyage, or is compelled, by the cruelty of the mates, to leave the vessel, from a regard to his personal safety, he is entitled to full wages for the entire voyage.
[Cited in Coffin v. Weld, Case No. 2,953; The Alvena, 22 Fed. 862. See Jones v. Sears, Case No. 7,494; Hunt v. Colburn, Id. 6,886; Page v. Sheffield, Id. 10,667. Affirming Sheffield v. Page, Id. 12,743.]

In admiralty. This was a libel in rem for wages. The defence was desertion and forfeiture of wages. It appeared that the libellant shipped for a voyage from Savannah to Liverpool, and thence to New York. At Liverpool he left the vessel, and the claim was for wages out and home. It was proved that the libellant, who was the carpenter, was severely and unjustifiably beaten by the mates, and that he left the vessel in consequence. The first mate, on the same day, stopped his board on shore, and, one or two days afterwards, when he came down to the side of the vessel, forbade his coming on board. The entries in the log, in regard to the libellant's going on shore, were interlined with the words "without leave," several days after they were first made.

BETTS, District Judge. The evidence in this case establishes, that the carpenter left the vessel at a foreign port, because of inhuman treatment. He was afterwards refused support by the ship, and forbidden to come on board, and was not logged in the way directed by the statute to establish the fact of desertion.

The amount which a seaman can recover for a wrongful discharge in a foreign port, will vary to some extent with the circumstances of each particular case; but, ordinarily, he is entitled to the full wages of the voyage. The suit is usually brought for

---

[1][Reported by Mr. Justice Blatchford and Francis Howland, Esq.]

wages, and, under that name, admiralty awards a compensation commensurate to the injury sustained. The libellant in this case claims wages for the voyage out and home. It appears that he was obliged to procure a passage home in another vessel, and that he earned no wages on the voyage back. The 42d article of the Laws of the Hanse Towns [Fed. Cas. Append., last volume] provides, that if the master discharges a seaman during the voyage, for no lawful cause given, he is bound to pay him his whole wages, and defray the charge of his return. So the Laws of Oleron, article 13, and those of Wisbuy, article 25, [Fed. Cas. Append., last volume,] provide, that a seaman unlawfully discharged may follow the vessel to her port of destination, and recover such wages as he would have been entitled to if he had remained by the ship until the end of the voyage. The conduct of the mates in this case amounted to such a discharge; and, even if it did not, the libellant was justified in leaving the vessel from a regard to his own personal safety,—Limland v. Stephens, 3 Esp. 269; Ward v. Ames, 9 Johns. 138; Relf v. The Maria, [Case No. 11,-692;] Rice v. The Polly and Kitty; [Id. 11,-754,]—and comes within the spirit of the articles which have been cited. See Emerson v. Howland, [Case No. 4,441.] He is entitled to full wages for the voyage out and home. Decree accordingly.