SAUNDERS (ORNER v.). See Case No. 10,-584.

———

## Case No. 12,377.

### SAUNDERS et al. v. The VICTORIA.

[11 Leg. Int. 70.] [2]

District Court, E. D. Pennsylvania. May 2, 1854.

ADMIRALTY—JURISDICTION—FOREIGN VESSEL AND LIBELLANT—CONSUL'S PROTEST.

[A libel by a British seaman for wages against a British vessel will be dismissed, upon protest of the British consul, where it appears that the parties are about to pass within British jurisdiction, and therefore can have recourse to the tribunals of their own country within a reasonable time, and without loss of proofs.]

In admiralty.

Present, C. M. Neal, Esq., for libellants. Benjamin Rush, Esq., solicitor for the British consulate, for respondent, also G. B. Mathew, Esq., British consul.

Libel for wages, on the ground of an alleged deviation in the voyage.

Before proceeding to the merits of the case, respondent's proctor entered a plea to the jurisdiction, the controversy being between British subjects, belonging to a British vessel, arising out of a contract entered into in a British port, to be terminated in a British port, and in point of fact not yet terminated. Plea overruled.

Respondent's proctor then cited Lynch v. Crowder [Case No. 8,637], before Judge Betts,

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reprinted by permission.]

October, 1849, and Patch v. Marshall [Id. 10,-793], before Judge Curtis, October, 1853, and asked leave on behalf of the British consul to enter the written dissent of the latter to the proceeding, observing that while the consul entertained the highest respect for this tribunal of the United States, he was nevertheless responsible to his sovereign and her government, for a proper attention to any matter occurring between British subjects, in regard to which his official duty required him to intervene. He would feel therefore that he was derelict to his duty, not to state the reasons which governed his conduct in this instance.

THE COURT, having granted leave, Mr. Rush then read the following paper, signed by Mr. Mathew:—"To the Honorable John K. Kane, Judge of the District Court of the United States, in and for the Eastern District of Pennsylvania. Saunders et al. vs. The British Brig 'Victoria'—In Admiralty. In the above suit, instituted in this honorable court, by three of the crew of a British vessel, against said vessel and her master, on a claim for wages, the undersigned, her Britannic majesty's consul for Pennsylvania, residing at Philadelphia, begs leave respectfully, to enter this his dissent to the crew being permitted to sue in a court of the United States. First. Because the brig Victoria, on board of which the libellants and respondent sailed, is a British vessel, and the respondent, her commander, a British subject. Second. Because an investigation of the cause of suit, would call in question official acts and conduct of a British functionary in regard to British subjects, which the undersigned has already disposed of to the best of his judgment; respecting which he is responsible only to his own government; and with regard to men, master and sailors, all residents at Nassau, where there is, as in all British colonies, an adequate court of appeal. (Signed) George B. Mathew, Consul." Whereupon, THE COURT referred the counsel to the cases of Weiberg v. The St. Oloff [Case No. 17,357], and The Golubchick, in 1 W. Rob. Adm. 143, as illustrating the law of the admiralty jurisdiction in cases of foreign vessels; but upon a view of the admissions contained in the libel, that the contract of shipment, if violated at all by the respondent, had been so violated at a time when recourse might have been had before a British tribunal, and that the parties are about to pass within a British jurisdiction again, and might therefore have recourse to the tribunals of their own country within a reasonable time, and without loss of proofs, concurred with her Britannic majesty's consul in the views expressed by him; and thereupon, made the following order:—

And now, 2d May, 1854, it appearing to THE COURT, that the vessel is a British vessel, and the seamen British subjects, and that she is now about to sail to a British port, where redress may be had by the libellants, if en-

titled thereto; it is upon the dissent of the British consul to further proceedings being had in this court, said dissent being now filed, ordered that this libel be dismissed. Libel dismissed.