CHARLES T. SAVARY *vs.* WILLIAM E. CLEMENTS.

A seaman does not forfeit his wages by leaving a dangerously unseaworthy vessel, which the master has unreasonably neglected to repair.

ACTION OF CONTRACT by a seaman for his wages on board a British schooner, of which the defendant was master. Answer, that the plaintiff, at Yarmouth, in the province of Nova Scotia, signed shipping articles for a certain voyage, and left the vessel before the completion of the voyage. Replication, that the ves-

sel was leaky and thereby rendered unseaworthy, and unable to complete her voyage with probable safety, and that the defendant, though requested by the mate and a majority of the crew, had neglected to make proper repairs upon the schooner.

At the trial in the court of common pleas, the plaintiff offered evidence tending to prove his replication. But *Mellen*, C. J., ruled that it would not support his action. A verdict was taken for the defendant, and the plaintiff alleged exceptions.

*A. B. Davis*, for the plaintiff.

*P. S. Wheelock*, for the defendant.

BIGELOW, J.   The contract of the seaman with the master or owner of the vessel is, that he will serve during the prescribed term or voyage ; if he leaves without cause, his wages are forfeited.   Nor does he earn wages, if the vessel be lost by ship-wreck during the voyage; because the law aims, in the exercise of a wise policy, to secure the utmost exertions of the mariner to save the vessel from destruction by the perils of the sea. But there are reciprocal obligations, on the part of the owner or master, imposed by the contract.   These are implied from the relation of the parties and the nature of the service in which the mariner is employed.   He is entitled to proper treatment at the hand of the master, and to be fed with wholesome provisions.   Inhuman and brutal conduct, endangering life and limb, or unwholesome food, causing sickness, is a breach of the contract, which will justify the seaman in abandoning the service in which he is engaged, without incurring a forfeiture of his wages.   So too, if a vessel be unseaworthy to such a degree as to render her unfit to encounter the ordinary perils of the sea, so that her crew cannot continue the voyage, except at the imminent risk of their lives, it is the duty of the master or owner to repair her, and if he omits to do so, when she is in port and a suitable opportunity is afforded for the purpose, it is a breach of the contract with the seaman, which justifies him in abandoning the service, without forfeiting the wages he has already earned. The whole doctrine is briefly and clearly stated by Lord Kenyon.   " Is a man bound to serve at the peril of his life ?   Desertion is an answer to the seaman's claim for wages; but that

must be a voluntary act of the seaman's, and not be caused by any act of the captain." *Limland* v. *Stephens*, 3 Esp. R. 270. *The Castilia*, 1 Hagg. Adm. 59. *Ward* v. *Ames*, 9 Johns. 138. Such we understand to be the law of England, under which the contract in the present case was made.

The evidence offered by the plaintiff ought to have been submitted to the jury with instructions, that if the vessel, when in port, where she could have been repaired, was unseaworthy, so that she could not continue her voyage without danger to the lives of her crew by reason of such unseaworthiness, of which the master had reasonable notice, and he thereupon refused to make the necessary repairs, the plaintiff was justified in leaving the vessel and was entitled to recover wages for the time he had served on board.                          *Exceptions sustained.*