JOHN OLZEN *v.* V. H. W. SCHIERENBERG AND JOHN JACKSON.

To warrant a judgment against parties as joint trespassers, it must appear that they co-operated in producing the act which resulted in the trespass. In that case, they may be sued for it jointly or severally, but unless that is shown, the action cannot be maintained against them jointly.

Thus where in an action by a seaman against the captain and mate for damages by reason of cruel treatment, it appeared that the assaults complained of were separate acts by each of the defendants at different periods, in no one of which did the captain and mate co-operate or act in concert : *Held*, that the plaintiff could not recover.

Olzen v. Schierenberg.

Where a seaman binds himself by his shipping articles not to bring any dispute or quarrel that he may have with the master or his substitute, before any court but that of his own country, foreign tribunals will give effect to such a stipulation, unless the voyage, as respects him, was brought to an end in the foreign port without any wrongful act on his part.

APPEAL by the defendants from a judgment of the general term of the Marine Court, affirming a judgment rendered by that court at trial term without a jury.

The plaintiff shipped as a seaman on board of the ship " Inca " at Bremen, and signed shipping articles, by which he bound himself not to bring "before any other than the Bremen courts, consul, or authorities, any quarrels or disputes with the captain or his substitute." On the arrival of the ship at New York, the plaintiff complained to the Bremen consul of assaults made upon him by the defendants, the captain and the mate of the vessel, but the consul dismissed the complaint, and directed the plaintiff to return to his vessel. Thereafter the plaintiff brought this action against the captain and mate to recover damages for the alleged assaults. On the trial it appeared that none of the alleged assaults were committed by the defendants jointly. The defendants' counsel moved to dismiss the complaint on the following grounds: 1st. That there is an improper joinder of defendants, the evidence showing that the assaults, if any, were separate and distinct; 2d. The evidence shows that the punishment, if any, was inflicted on the plaintiff for a breach of duty, and that it was not cruel or excessive; 3d. That the court had no jurisdiction of the action, the plaintiff having bound himself by the shipping articles and muster-roll of the bark, signed by him, to submit all matters and questions of difference between himself and the defendants to the courts at Bremen and the Bremen consuls at whatever port the vessel might be, and not to resort to any other court or tribunal. That the treaty between the United States and the free and Hanseatic republics of Hamburg, Bremen, and Lubeck, ratified April 30th, 1852, vested exclusive jurisdiction in the Bremen consuls; 4th. That it appears from the evidence that the Bremen consul had adjudicated upon the cause of action set forth in the complaint, and his adjudication being adverse to the plaintiff, is final and conclusive upon this court.

The court denied the motion, and thereafter gave judgment for the plaintiff. The defendants appealed to this Court.

*James K. Hill*, for appellants.

*Beebe, Dean & Donohue*, for respondents.

BY THE COURT.—DALY, F. J.—This judgment must be reversed for these reasons:

1. The assaults for which the plaintiff has recovered a judgment against the captain and the mate jointly, for the sum of $100, were, upon the plaintiff's own showing, separate acts of trespass by each, at different periods, in no one of which did the captain and mate co-operate, or act in concert. To warrant a judgment against parties as joint trespassers, it must appear that they co-operated in producing the act which resulted in the trespass. In that case they may be sued for it jointly or severally; but unless that is shown, the action cannot be maintained against them jointly (*Guille* v. *Swan*, 19 Johns. 382; *Williams* v. *Sheldon*, 10 Wend. 654). The reason is a very obvious one, and the facts of this case will serve to illustrate it. The plaintiff testified to several acts, which the justice has regarded in law as assaults upon the plaintiff's person, in the course of a long voyage, and in the port of New York, in each instance by the captain or by the mate separately; and it was not shown that either one knew of the act of the other, or directed it, approved it, or co-operated in producing it. Now the captain is not to answer for the separate assaults of the mate, nor the mate for the separate assaults of the captain. Each is liable for his own acts, but not for the acts of the other, and yet both are confounded in a general judgment for $100.

2. When the seaman binds himself by his contract, that he will not bring any dispute or quarrel that he may have with the master or his substitute, before any court but that of his own country, foreign tribunals will give effect to the stipulation and hold him to his obligation, unless the voyage, as respects him, was brought to an end in the foreign port, without any

wrongful act on his part (*Geiner* v. *Meyer*, 2 H. Black. 603; *Schulenberg* v. *Wessels*, 2 E. D. Smith, 70; *Weiburg* v. *The St. Oloff*, 2 Pet. Adm. Dec. 415). It is discretionary with the courts of this country whether they will or not exercise jurisdiction to enforce contracts or redress wrongs arising between foreign seamen and the master of foreign vessels, especially when the act complained of occurred upon the high seas, and more especially where the seaman by his contract has elected and fixed upon the tribunal to which he is to resort for the redress of his wrongs. This is the course pursued by the admiralty tribunals of the United States (*Davis* v. *Leslie*, Abb. Adm. R. 123; *Beecher* v. *Klorkgetter*, *id.* 402; *The Brig Napoleon*, Olcotts R. 215; *The Bark Inca*, Dist. C. of S. Dist. of N. Y., Oct. 1866; *Lynch* v. *Crouder*, 2 Law Rep. N. S. 355; *Saunders* v. *The Victoria*, 11 Leg. Int. 70; *Thompson* v. *The Catharine*, 1 Pet. Adm. Dec. 105). And if courts clothed with their comprehensive jurisdiction, and which are especially watchful over the interests of mariners, pursue this course, state tribunals should not be expected to go beyond them. If the voyage is put an end to as respects the seaman, by the wrongful act of the master, or by any other act which releases the seaman from any further obligation or duty under his contract, our tribunals should be open to him that he may recover his wages or obtain reparation for any wrong or injury that may have been done to him, as otherwise he might be left in a foreign country without the means or the ability to obtain redress.

In the present case, the plaintiff stipulated that he would not bring any quarrel or dispute with the master before any other than the Bremen courts. It may admit of question whether this language is broad enough to extend to wrongful assaults made by the master upon the seaman; but whether it is or not, I think our courts should not exercise jurisdiction in such matters unless the assault is of the character which justifies the seaman in putting an end to the contract and quitting the vessel, with the right to the wages which may then have been earned. This arises where the seaman, by reason of cruel and inhuman treatment on the part of the officers, quits the vessel

out of a due regard to his personal safety; for a man is not bound to serve at the peril of his life; and where he leaves under such circumstances, his connection with the vessel is legally dissolved (*Limland* v. *Stephens*, 3 Esp. 269; *Ward* v. *Ames*, 9 Johns. 138; *Relf* v. *The Maria*, 1 Pet. Adm. Dec. 193; *Rice* v. *The Polly and Kitty*, 2 *Id.* 420; *The America*, Bl. & Howl. 185). But there was nothing of that kind in this case. The plaintiff admitted that nothing occurred between him and the captain in this port. The mate struck him while here with the rope of a saltpetre bag that had an iron ring in it, and did so because the boy, according to the testimony of his own witness, would not go and clean the plates, or, in other words, for an act of insubordination; and what was done by the captain during the voyage was not of that extreme character which would entitle the plaintiff to leave the vessel as he did, after he had complained to his consul, and the consul, upon hearing his and the captain's statements, had directed him to return to the vessel and to go to work. On reading the evidence which was produced before the justice, it strikes me very forcibly that the consul was right, and that the justice was wrong. But as there was conflict, at least to some extent, in the testimony, the finding of the court below upon the facts will not be disturbed upon appeal; and it is not necessary, for upon the plaintiff's own showing, the case was not one in which he was compelled to leave the vessel from any well-founded apprehension that he was in danger of life or limb. The plaintiff himself testified that the captain said that he did not want to beat him. The captain testified that he never told the mate to beat him, and that what he did himself was nothing more than he would have done to his own child. The master is clothed with the authority to correct the mariner analogous to that which a parent has over a child, or a master over an apprentice; and is answerable only for excesses, when it is manifest that the power with which he is clothed was used as a pretext for cruelty and oppression (Abbot on Shipping, 177, 8th Lond. ed.; *Saunders* v. *Buckup*, Bl. & Howl. Rep. 267). The plaintiff was the steward or cabin boy, and so far from the act of the captain being of the excessive and unwarrantable char-

acter which amounts to an abuse of the discretionary power of correction which the maritime law confers upon him, they were acts inflicting no material injury, and involving no danger of life or limb, but such as would very naturally occur in the many and hopeless attempts of the master to get this careless, incapable, and uncleanly boy to perform the service he had engaged for. The acts of the mate appear to me to have been of the same character, or if they were otherwise, and the plaintiff was entitled to maintain the action against the mate for over severity, and because the stipulation in the contract not to sue in foreign courts did not apply in his case, then it is only another illustration of the impropriety of joining the captain and the mate as defendants in the same action, and subjecting both to the same judgment.

The judgment should be reversed.